FILED
VANESSA L. ARMSTRONG, CLERK

JUL 23 2015

U.S. DISTRICT COURT
WEST'N. DIST. KENTUCKY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

UNITED STATES OF AMERICA                                                        PLAINTIFF

vs.                                                          CRIMINAL ACTION NO. 3:14CR108-JHM

CHRISTOPHER KOSICKI                                          DEFENDANT

## **PLEA AGREEMENT**

Pursuant to Fed. R. Crim. P. 11(c)(1)(C), the United States of America, by John E. Kuhn, Jr., United States Attorney for the Western District of Kentucky, and defendant, Christopher Kosicki, and his attorney, Scott T. Wendelsdorf, have agreed upon the following:

1. Defendant acknowledges that he has been charged in the Superseding Indictment in this case with violating 18 U.S.C. §§ 2, 1591(a)(1), 1591(b)(1), 1591(e)(3), 2241(c), 2251(a), and 2251(e).

2. Defendant has read the charges against him contained in the Superseding Indictment, and the charges have been fully explained to him by his attorney. Defendant fully understands the nature and elements of the crimes with which he has been charged.

3. Defendant will enter voluntary pleas of guilty to the charges in this case. Defendant will plead guilty because he is in fact guilty of the charges. The parties agree to the following factual basis for this plea:

      Law enforcement officials became aware of Kosicki's criminal conduct after arresting Raymond Shadburn[1] in Seymour, Indiana, on September 24, 2014, on child exploitation charges. During a post-arrest interview, Shadburn provided information that led law enforcement to Kosicki's residence in Jefferson County, Louisville, Kentucky.

      Shadburn and Kosicki originally met online when Shadburn responded to a Craig's List ad placed by Kosicki. In connection with the ad, Shadburn drove from Indiana to

---

[1] Shadburn is being prosecuted in the United States District Court for the Southern District of Indiana, Indianapolis Division.

Kosicki's residence in Louisville in late August, early September 2014. While there, Kosicki made an 11-year-old child available to Shadburn for sexual activity. Shadburn engaged in sexual activity with the child. On at least three additional occasions in September 2014, Shadburn made arrangements with Kosicki to meet in Louisville for the purpose of Shadburn engaging in sexual activity with the child. During one of the visits in September, Shadburn took sexually explicit photographs of the child (Jane Doe 1), in the presence of Kosicki. At least one photo depicted Kosicki and the child. Shadburn took the images with him back to Indiana and later shared the images with other individuals on the Internet (including an undercover police officer in Washington, D.C.). During at least one visit, both men engaged in sexual activity with the child.

Law enforcement officials arrested Kosicki pursuant to a federal Criminal Complaint on September 26, 2014. Later examination of digital devices and storage media owned by Kosicki revealed his production of sexually explicit images of 10 different children over the course of several years. All of the images were created in Jefferson County, Kentucky. Kosicki used cameras and phones that had not been manufactured in the Commonwealth of Kentucky to record the images (still and video) of the children. According to the meta data of the images, the materials were produced on the following dates:

| Victim | Date of production |
| --- | --- |
| Jane Doe 1 | August 25, 2014 |
| Jane Doe 2 | June 13, 2014 |
| Jane Doe 3 | June 13, 2014 |
| Jane Doe 4 | September 30, 2012 |
| Jane Doe 5 | December 2, 2012 |
| Jane Doe 6 | May 18, 2013 |
| Jane Doe 7 | August 4, 2013 |
| Jane Doe 8 | May 3, 2014 |
| Jane Doe 9 | June 23, 2014 |
| Jane Doe 10 | August 13, 2014 |

In 2013, Kosicki met another man *via* Craig's List, Howard Key Chambers. The two communicated online and, eventually, Chambers travelled from Oldham County, Kentucky, to Louisville, Kentucky, to meet Kosicki at Kosicki's residence. When Chambers arrived, Kosicki introduced a 10-year-old child into the scenario and offered her to Chambers for the purpose of engaging in sexual activity. After the initial encounter, Chambers and Kosicki continued to communicate with each other, using the Internet, until August 2014. During those communications, the two would make arrangements for Chambers to come to Kosicki's residence to engage in sexual activity with the child, including near the time, and after, she turned 11. Sexual activity between an adult and a child under the age of 12 is a criminal offense in the Commonwealth of Kentucky.

Chambers travelled to Kosicki's home to engage in sexual activity with the child between six and eight times from 2013 until August 2014. The two helped each other entice, harbor, provide, obtain, and maintain a person that had not attained the age of 14 years who was caused to engage in commercial sex acts, that is, any sex act, on account of which anything of value is given to and received by any person. ~~On several occasions,~~

2

~~Chambers gave Kosicki money after engaging in sexual activity with the child (age 10 and then 11)~~. On at least one occasion, he gave money directly to the child after engaging in sexual activity with her. Additionally, on one occasion, Kosicki photographed Chambers engaging in sexual activity with the child.

4. Defendant understands that the charges to which he will plead guilty carry a combined minimum term of imprisonment of 30 years, a combined maximum term of imprisonment of life, a maximum fine of $ 3,750,000.00, and supervised release of at least 5 years and up to any number of years, including life, which the Court may specify. Defendant understands that an additional term of imprisonment may be ordered if the terms of the supervised release are violated, as explained in 18 U.S.C. § 3583.

5. Defendant understands that if a term of imprisonment of more than one year is imposed, the Sentencing Guidelines require a term of supervised release and that he will then be subject to certain conditions of release. §§5D1.1, 5D1.2, 5D1.3.

6. Defendant understands that by pleading guilty, he surrenders certain rights set forth below. Defendant's attorney has explained those rights to him and the consequences of his waiver of those rights, including the following:

    A. If defendant persists in a plea of not guilty to the charge against him, he has the right to a public and speedy trial. The trial could either be a jury trial or a trial by the judge sitting without a jury. If there is a jury trial, the jury would have to agree unanimously before it could return a verdict of either guilty or not guilty. The jury would be instructed that defendant is presumed innocent and that it could not convict him unless, after hearing all the evidence, it was persuaded of defendant's guilt beyond a reasonable doubt.

    B. At a trial, whether by a jury or a judge, the United States would be required to present its witnesses and other evidence against defendant. Defendant would be able to confront those government witnesses and his attorney would be able to cross-examine them. In turn, defendant could present witnesses and other evidence in his own behalf. If the witnesses for defendant would not appear voluntarily, he could require their attendance through the subpoena power of the Court.

    C. At a trial, defendant would have a privilege against self-incrimination and he could decline to testify, without any inference of guilt

3

being drawn from his refusal to testify. If defendant desired to do so, he could testify in his own behalf.

7. Defendant understands that the United States Attorney's Office has an obligation to fully apprise the District Court and the United States Probation Office of all facts pertinent to the sentencing process, and to respond to all legal or factual inquiries that might arise either before, during, or after sentencing. Defendant admits all acts and essential elements of the Indictment counts to which he pleads guilty.

8. Defendant acknowledges that the crimes to which he is pleading guilty are covered by the mandatory restitution provisions set out in 18 U.S.C. § 2259. No requests for restitution have been submitted at this point in time. Should a restitution request be submitted, the matter will be addressed at the time of sentencing. The defendant understands that he may be responsible for a fine, costs of prosecution, costs of incarceration and supervision which may be required.

9. Defendant acknowledges liability for the special assessment mandated by 18 U.S.C. § 3013 and will pay the assessment in the amount of $ 1,500.00 to the United States District Court Clerk's Office by the date of sentencing.

10. At the time of sentencing, the parties will

- agree that a sentence of between 40 and 50 years in prison followed by a life term of Supervised Release is the appropriate disposition of this case.

11. Defendant is aware of his right to appeal his conviction and that 18 U.S.C. § 3742 affords a defendant the right to appeal the sentence imposed. The Defendant knowingly and voluntarily waives the right (a) to directly appeal his conviction and the resulting sentence pursuant to Fed. R. App. P. 4(b) and 18 U.S.C. § 3742, and (b) unless based on claims of ineffective assistance of counsel or prosecutorial misconduct, to contest or collaterally attack his conviction and the resulting sentence under 28 U.S.C. § 2255 or otherwise.

12. The defendant has been advised and understands, that under the Sex Offender Registration and Notification Act (42 U.S.C. §§ 901 et.seq), the defendant must register and keep the registration current in each of the following jurisdictions: the location of the defendant's residence, the location of the defendant's employment; and, if the defendant is a student, the location of the defendant's school. Registration will require that the defendant provide information that includes name, residence address, and the names and addresses of any places at which the defendant is or will be an employee or a student. The defendant understands that he must update his registrations not later than three business days after any change of name, residence, employment, or student status. The defendant understands that failure to comply with these obligations subjects the defendant to prosecution for failure to register under federal law, 18 U.S.C. § 2250, which is punishable by a fine or imprisonment, or both.

13. Defendant waives and agrees to waive any rights under the Speedy Trial Act and understands and agrees that sentencing may be delayed so that at sentencing the Court will have the benefit of all relevant information.

14. Nothing in this Agreement shall protect defendant in any way from prosecution for any offense committed after the date of this Agreement, including perjury, false declaration, or false statement, in violation of 18 U.S.C. §§ 1621, 1623, or 1001, or obstruction of justice, in violation of 18 U.S.C. §§ 1503, 1505, or 1510. Should defendant be charged with any offense alleged to have occurred after the date of this Agreement, the information and documents disclosed to the United States during the course of the cooperation could be used against defendant in any such prosecution.

15. Defendant agrees not to pursue or initiate any civil claims or suits against the United States of America, its agencies or employees, whether or not presently known to defendant, arising out of the investigation or prosecution of the offenses covered by this Agreement.

16.   The defendant hereby waives all rights, whether asserted directly or by a representative, to request or receive from any department or agency of the United States any records pertaining to the investigation or prosecution of this case, including without limitation any records that may be sought under the Freedom of Information Act, 5 U.S.C. § 552, or the Privacy Act of 1974, 5 U.S.C. § 552a.

17.   Defendant agrees to interpose no objection to the United States transferring evidence or providing information concerning defendant and this offense, to other state and federal agencies or other organizations, including, but not limited to the Internal Revenue Service, other law enforcement agencies, and any licensing and regulatory bodies, or to the entry of an order under Fed. R. Crim. P. 6(e) authorizing transfer to the Examination Division of the Internal Revenue Service of defendant's documents, or documents of third persons, in possession of the Grand Jury, the United States Attorney, or the Criminal Investigation Division of the Internal Revenue Service.

18.   If the Court refuses to accept this agreement and impose a sentence in accordance with its terms pursuant to Fed. R. Crim. P. 11(c)(1)(C), this Agreement will become null and void and neither party shall be bound thereto.  The defendant will be allowed to withdraw the pleas of guilty.  The United States will be relieved of its obligations under the Plea Agreement and may proceed with any and all charges and, upon conviction, seek imposition of any sentence supported by the facts and law.

19.   Defendant agrees that the disposition provided for within this Agreement is fair, taking into account all aggravating and mitigating factors.  Defendant states that he has informed the United States Attorney's Office and the Probation Officer, either directly or through his attorney, of all mitigating factors.

20.   This document and the supplemental Plea Agreement state the complete and only

Plea Agreements between the United States Attorney for the Western District of Kentucky and defendant in this case, and are binding only on the parties to this Agreement, supersedes all prior understandings, if any, whether written or oral, and cannot be modified other than in writing that are signed by all parties or on the record in Court. No other promises or inducements have been or will be made to defendant in connection with this case, nor have any predictions or threats been made in connection with this plea.

AGREED:

JOHN E. KUHN, JR.
United States Attorney

By:

_____  7/23/15
Jo E. Lawless                       Date
Assistant United States Attorney

I have read this Agreement and carefully reviewed every part of it with my attorney. I fully understand it and I voluntarily agree to it.

_____  7/10/15
Christopher Kosicki                 Date
Defendant

I am the defendant's counsel. I have carefully reviewed every part of this Agreement with the defendant. To my knowledge my client's decision to enter into this Agreement is an informed and voluntary one.

_____  7/10/15
Scott T. Wendelsdorf                Date
Counsel for Defendant

JEK:JEL:150709

7