**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**AT LOUISVILLE**
**(Filed Electronically)**

**CRIMINAL ACTION NO. 3:14CR-108-JHM**
**UNITED STATES OF AMERICA,**

**PLAINTIFF,**

**vs.**

**CHRISTOPHER KOSICKI, et al.,** **DEFENDANTS.**

# SENTENCING MEMORANDUM

Comes the defendant, Christopher Kosicki, by counsel, and for his sentencing memorandum herein says as follows.

The parties have entered into a binding plea agreement pursuant to Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure in which they have agreed that a sentence of between 40 and 50 years is the appropriate disposition of the case. If the plea agreement is accepted by the Court, the question remains whether defendant's sentence should be 40 years imprisonment, as counsel contends, or 50 years, as urged by the government. For the reasons set forth herein, a sentence of 40 years will be sufficient to satisfy the statutory purposes of sentencing. Accordingly, a sentence of 50 years would be greater than necessary.

## Summary of Argument

Defendant should be sentenced to a total term of 40 years imprisonment and a life term of supervised release. The Court should recommend to the Bureau of Prisons that defendant

Office of the
Federal Defender
200 Theatre Building
629 Fourth Avenue
Louisville, KY 40202

Tel (502) 584-0525
Fax (502) 584-2808

be placed in the intensive Residential Sex Offender Treatment Program at USP Marion.

A prison sentence of 40 years without parole; a lifetime of supervised release as a registered sex offender with the attendant strict controls, conditions, and sanctions; and the potential of indefinite detention under the sex offender civil commitment statute, if needed, will satisfy the requirements of 18 U.S.C. §3553(a)(2). Such a sentence will provide defendant with the most intensive, effective, and long-lasting correctional sex offender treatment available within the federal prison system; deter like minded individuals from committing similar crimes; protect the public from further criminal conduct; and constitute just punishment for his offenses. Increasing the sentence from 40 to 50 years will not satisfy the statutory purposes of sentencing to any greater degree. Accordingly, the recommended sentence of 40 years is sufficient, but not greater than necessary, to satisfy the requirements of 18 U.S.C. §3553(a)(2).

**Offenses of Conviction**

Mr. Kosicki has been convicted upon a plea of guilty of 3 counts of aiding and abetting another to cross state lines with intent to engage in a sexual act with a person under 12 years of age in violation of 18 U.S.C. §2241(c); 11 counts of producing child pornography in violation of 18 U.S.C. §§2251(a) and 2251(e); and 1 count of causing a minor under the age of 14 to engage in a commercial sex act in violation of 18 U.S.C. §§1591(a)(1), 1591(b)(1), and 1591(e)(3). The travel charges each carry a mandatory minimum term of 30 years imprisonment, a maximum term of life imprisonment, a maximum fine of $250,000.00, and not less than 5 years supervised release. The production charges each carry a mandatory

Office of the
Federal Defender
200 Theatre Building
629 Fourth Avenue
Louisville, KY 40202

Tel (502) 584-0525
Fax (502) 584-2808

minimum term of 15 years imprisonment, a maximum term of 30 years imprisonment, a maximum fine of $250,000.00, and not less than 5 years supervised release. The sex trafficking charge carries a mandatory minimum term of 30 years imprisonment, a maximum term of life imprisonment, a maximum fine of $250,000.00, and not less than 5 years supervised release.

**Facts**

An independent investigation by federal Child Exploitation Taskforce officers regarding Raymond Shadburn found, *inter alia*, that he had traveled from Indiana to Kentucky on three separate occasions in September, 2014, to engage in sexual acts with Mr. Kosicki's 11 year old step daughter at Mr. Kosicki's residence in Louisville, where photographs of the sex acts were produced. PSR ¶¶19-25, 27-29.[1] Shadburn also related to authorities that Mr. Kosicki had sexually abused and photographed other children, friends of his step daughter that occasionally spent the night at his house. PSR ¶30. A search warrant was obtained and executed at defendant's residence, and he was arrested. PSR ¶26. Immediately upon arrest, defendant waived his rights to counsel and to remain silent and confessed to abusing the step daughter and taking sexually explicit photographs of her and 15 other children over the years. PSR ¶¶31-32. Defendant consented to a further search of his residence and actually assisted authorities in locating additional digital devices containing images constituting child pornography and evidence of the other crimes charged in the superceding indictment herein.

[1] Shadburn detailed his interactions with defendant and his step daughter. In ¶29 of the PSR, he attributes certain quotations to Mr. Kosicki. Defendant admits the gist of Shadburn's recitation of the interactions, but denies that he used the term "gobbler".

OFFICE OF THE
FEDERAL DEFENDER
200 THEATRE BUILDING
629 FOURTH AVENUE
LOUISVILLE, KY 40202

TEL (502) 584-0525
FAX (502) 584-2808

PSR ¶33. He also assisted the authorities in identifying other individuals he had met online and who had sexual relations with his step daughter. PSR ¶34. Because of Mr. Kosicki's evidence and cooperation, authorities were able to identify and arrest co-defendant Howard Chambers and charge him with sex trafficking and using the internet to persuade, induce, and entice a minor to engage in illegal sexual activity.[2] PSR ¶¶34-37.

Mr. Kosicki has given multiple post-arrest proffers not only to the United States and state investigators, but to the Kentucky Child Protective Services agency as well.[3] He is responsible for the identification and prosecution of co-defendant Howard Chambers and will testify for the United States at his trial if called as a witness. He himself voluntarily provided the information to investigators supporting the 12 additional charges of production of child pornography and sex trafficking brought against him in the superceding indictment. He has identified to the best of his ability (to federal, state and CPS investigators) all of the previously unknown victims of his conduct and given detailed information of past offenses that will permit closure of ongoing investigations. He has identified as best he can and directed investigators to cell phone and email evidence that may definitively identify two previously unidentified pedophiles actively operating in the community.

**Determining the Appropriate Sentence**

In imposing sentence, the District Court must first correctly calculate the advisory

[2] The government advises that Mr. Chambers has confirmed the truthfulness of the evidence provided by Mr. Kosicki and has admitted to traveling to his residence on numerous occasions to engage in sexual acts with the step daughter, then aged 10 and 11. PSR ¶37.

[3] The proffer to CPS was against counsel's advice because of the lack of a proffer agreement protecting defendant from additional state charges or use of the evidence against him. Mr. Kosicki was adamant, however, that he wanted to make certain that the victims of his conduct and all of those with knowledge of it were identified to the state agency responsible for the treatment, counseling, and protection of the victims of sexual abuse.

Office of the
Federal Defender
200 Theatre Building
629 Fourth Avenue
Louisville, KY 40202

Tel (502) 584-0525
Fax (502) 584-2808

guideline range, Gall v. United States, 552 U.S. 38,49 (2007), but may not treat that range as mandatory or presumptive, Id., at 51; Nelson v. United States, 555 U.S. 350,352 (2009). It is only "one factor among several" to be considered in imposing an appropriate sentence under 18 U.S.C. §3553(a). Kimbrough v. United States, 552 U.S. 85, 90 (2007). The Court must "consider all of the §3553(a) factors", "make an individualized assessment based on the facts presented", Gall, 552 U.S. at 49-50, and explain how the facts relate to the statutory purposes of sentencing. Id., at 53-60; Pepper v. United States, ___ U.S. ___. 131 S.Ct. 1229, 1242-43 (2011). These purposes are: 1) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; 2) to afford adequate deterrence to criminal conduct; 3) to protect the public from further crimes of the defendant; and 4) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner. 18 U.S.C. §3553(a)(2). In enacting the Sentencing Reform Act, Congress did "not favor [ ] one purpose of sentencing over another," except that rehabilitation was not to be a reason to impose a sentence of incarceration. 18 U.S.C. §3582. *See* S. Rep. No. 98-225, at 67 (1983). Rather, "each of the four stated purposes should be considered in imposing sentence in a particular case". Id., at 68. In choosing what kind of sentence to impose, the Court "must consider" all of the purposes and factors set forth in §3553(a). Id., at 119. "Whether [imprisonment] should be imposed when authorized[4] is a question to be resolved after balancing all the relevant considerations." Id.

After considering all of the factors set forth in §3553(a) as well as the background,

---

[4] And, presumably, the length of that sentence.

Office of the
Federal Defender
200 Theatre Building
629 Fourth Avenue
Louisville, KY 40202

Tel (502) 584-0525
Fax (502) 584-2808

character, and conduct of the defendant, the Court must impose a sentence that is "sufficient but not greater than necessary" to satisfy the statutory purposes of sentencing: just punishment, deterrence, protection of the public, and rehabilitation of the defendant in the most effective manner. 18 U.S.C. §3553(a)(2). This so-called "parsimony provision" represents the "overarching" command of the statute. Kimbrough, 552 U.S., at 101.

## Argument

**A Sentence of 480 Months Imprisonment and a Life Term of Supervised Release with Recommendation That Defendant Serve His Sentence in the Residential Sex Offender Treatment Program at USP Marion Will Be Sufficient, but Not Greater than Necessary, to Comply with the Sentencing Purposes of 18 U.S.C. §3553 and Is the Appropriate Disposition of the Case**

**1. The recommended sentence will provide defendant with needed correctional treatment in the most effective manner.**

The Federal Bureau of Prisons uses "[i]nstitutional assignment, unit management, Psychology Treatment Programs, and re-entry planning [to] promote the well-being of sex offenders while incarcerated and help both the offenders and society by reducing the likelihood of re-offence after release".[5] To this end, the BOP has several institutions designated for sex offenders. At these designated institutions Sex Offender Management Programs (SOMPs) and Sex Offender Treatment Programs (SOTPs) are provided. The objectives of these programs are to establish

> •Treatment programs that provide sexual offenders in Bureau institutions the opportunity to change behaviors, thereby reducing criminality and recidivism.
>
> •Specialized correctional management practices to address behavior that indicates increased risk for sexual offenses upon release.

---

[5] https://www.bop.gov/inmates/custody_and_care/sex_offenders.jsp

Office of the
Federal Defender
200 Theatre Building
629 Fourth Avenue
Louisville, KY 40202

Tel (502) 584-0525
Fax (502) 584-2808

•Evaluation services to appraise risk of sexual offenses upon release and provide recommendations for effective reintegration into the community.

•Transition services for sexual offenders releasing to the community.

U.S. Department of Justice, Program Statement, Sex Offender Programs [hereinafter referred to as "Sex Offender Program Statement"], p. 1.[6] One of the most intense of these is the residential Sex Offender Treatment Program located at USP Marion. Risk management to prevent recidivism is a major component of the BOP's sex offender treatment programs.

> Risk management services are designed to reduce the likelihood that sexual offenders in Bureau institutions engage in future acts of a sexually offensive nature. The following program components will be provided by each SOMP to achieve this goal.
>
> •**Evaluation Services**. SOMP Psychologists and Treatment Specialists perform specialized assessments of sexual offenders. These include risk assessments and diagnostic assessments of psychosexual and associated disorders.[7] Diagnostic formulations, if included, are provided by the SOMP Psychologist or Coordinator.
>
> •**Sex Offender Treatment Program**. All SOMPs offer the Non-Residential Sex Offender Treatment Program (SOTP-NR). Designated SOMP institutions also offer the high-intensity Residential Sex Offender Treatment Program (SOTP-R).[8]
>
> •**Specialized Correctional Management**. Correctional management plans may be imposed on personal property or contact with the general public to effectively manage the risk relevant behavior of incarcerated sexual offenders.[9]

---

[6] Attached hereto and incorporated herein as Exhibit A.

[7] Discussed in detail in Sex Offender Program Statement (Exhibit A), Chapter 2.

[8] The SOTP-R is discussed in detail in Sex Offender Program Statement (Exhibit A), Chapter 3.

[9] Discussed in detail in Sex Offender Program Statement (Exhibit A), Chapter 4.

Office of the
Federal Defender
200 Theatre Building
629 Fourth Avenue
Louisville, KY 40202

Tel (502) 584-0525
Fax (502) 584-2808

Sex Offender Program Statement, p. 4. The intensive residential program lasts a minimum of 12 to 18 months, but may be extended longer if deemed by BOP to be appropriate. The bottom line is this: a 40 year sentence will be more than enough to insure that defendant receives the maximum and most intensive "corrective treatment" available while in custody. A sentence of 50 years will provide no greater amount of "needed educational or vocational training, medical care, or other correctional treatment" than a 40 year sentence. Accordingly, the recommended sentence of 40 years is sufficient, but not greater than necessary, to satisfy the requirement of 18 U.S.C. §3553(a)(2)(D).

**2. The recommended sentence will protect the public from further crimes of the defendant.**

After his release from custody, stringent requirements, controls, monitoring, and sanctions will continue to protect the public from any further crimes of defendant. He will not only be a state registered sex offender subject to all of the restrictions attendant thereto, but will be on federal supervised release for the remainder of his life. In addition to the standard conditions of supervised release imposed by U.S.S.G. §5D1.3, "special conditions" of supervised release imposed in federal sex offender cases by U.S.S.G. §5D1.3(d)(7) will be imposed and enforced: required participation in a program for the treatment and monitoring of sex offenders; limited use of a computer or interactive internet device; and random, warrantless searches of the defendant's person, residence, and computers. The Court may—and routinely does—impose additional special conditions of supervised release further protecting the public: complete bans on possessing devices with access to the internet; restrictions on contact or residence with children under the age of 18, including his own

Office of the
Federal Defender
200 Theatre Building
629 Fourth Avenue
Louisville, KY 40202

Tel (502) 584-0525
Fax (502) 584-2808

children; prohibitions on frequenting or loitering in places where minor children congregate, such as residences, parks, beaches, pools, daycare centers, playgrounds, and schools; prohibition of employment that would bring him into regular contact with children; psychosexual evaluation, sex offender treatment, and use of polygraph, voice stress, and/or penile plethysmograph testing; position tracking; and prohibition on the possession, reading, or viewing of pornography of any kind.

In the unlikely event that defendant, at the age of 67[10], should still be deemed by the BOP to remain a "sexually dangerous person" with a high risk of re-offending even under the strictures of state sex offender registration and federal supervised release, the government has the option of seeking sexual offender civic commitment (SOCC) under 18 U.S.C. §4248. A person subject to SOCC can be kept in custody until the Court determines that "the person's condition is such that he is no longer sexually dangerous to others, or will not be sexually dangerous to others if released under a prescribed regimen of medical, psychiatric, or psychological care or treatment". 18 U.S.C. §4248(d)(2).

The long and short: a prison sentence of 50 years will not protect the public to a greater degree than a 40 year sentence. Accordingly, the recommended sentence of 40 years is sufficient, but not greater than necessary, to satisfy the requirement of 18 U.S.C. §3553(a)(2)(C).

---

[10] Defendant was born on March 21, 1983, and is, therefore, approximately 33 years old. With a sentence of 40 years, he will be approximately 67 years old when eligible for release, assuming he receives the standard 15% good time reduction.

Office of the
Federal Defender
200 Theatre Building
629 Fourth Avenue
Louisville, KY 40202

Tel (502) 584-0525
Fax (502) 584-2808

**3. The recommended sentence will reflect the seriousness of the offense, promote respect for the law, and provide just punishment.**

These are very serious offenses, and it would be disingenuous of counsel to suggest otherwise. That said, defendant has done all within his power to cooperate with state and federal law enforcement and child protective authorities and to mitigate the considerable damage he has caused. He has given multiple proffers not only to the United States and state investigators, but to the Kentucky Child Protective Services agency as well. He is responsible for the identification and prosecution of co-defendant Howard Chambers and will testify for the United States at his trial if called as a witness. He himself voluntarily provided the information to investigators supporting the 12 additional charges of production of child pornography and sex trafficking brought against him in the superceding indictment. He has identified to the best of his ability all of the previously unknown victims of his conduct and given detailed information of past offenses that will permit closure of ongoing investigations. He has identified as best he can and directed investigators to cell phone and email evidence that may definitively identify two previously unidentified pedophiles actively operating in the community. Mr. Kosicki's post-arrest conduct is precisely the kind of conduct and degree of cooperation that the justice system should encourage not only in defendants but—perhaps more importantly—in their attorneys.

The recommended sentence of 40 years to be followed by a life term of supervised release is within the range agreed to by the United States as being an appropriate sentence in this case. By definition, then, it adequately reflects the seriousness of the offense and provides just punishment as required by 18 U.S.C. §3553(a)(2)(A). It promotes respect for the law not only by its magnitude but by the fact that it encourages other sex offenders to plead guilty and cooperate with authorities in the investigation of their own crimes and those of others perhaps

Office of the
Federal Defender
200 Theatre Building
629 Fourth Avenue
Louisville, KY 40202

Tel (502) 584-0525
Fax (502) 584-2808

unknown to the government. Accordingly, the recommended sentence of 40 years is sufficient, but not greater than necessary, to satisfy the requirement of 18 U.S.C. §3553(a)(2)(A).

**4. The recommended sentence will afford adequate deterrence to criminal conduct by others.**

A prison sentence of 40 years without parole followed by a lifetime of supervised release, with the attendant strict controls and conditions that it and being a registered sex offender entail, plus the potential of indefinite detention under the sex offender civil commitment statute are sanctions that will definitely deter like minded individuals from committing similar crimes. The recommended sentence will see defendant incarcerated with no hope of release until he is at least 67 years of age and then *only* if he receives good time credit and is not deemed by the Bureau of Prisons to be subject to indefinite sex offender civil commitment under 18 U.S.C. §4248.[11] This is a life consuming sentence for any person and extinguishes any possibility that he will live again as a free man without confinement or substantial controls and limits during whatever years may remain to him.

There are two types of potential sex offenders: 1) those to whom the possibility of a long prison sentence, life long restrictive supervision and control, and the potential of indefinite civil commitment are a deterrent to criminal conduct; and 2) those who for whatever

---

[11] With a 40 year sentence, assuming defendant receives the standard 15% good time reduction, he will be approximately 67 years old when eligible for release. If he does not receive good time credit, he will be approximately 73. Even after serving his full term, if he is certified by BOP as a "sexually dangerous person" and a Court agrees, he will be indefinitely confined until such time as the Court finds that "he is no longer sexually dangerous to others, or will not be sexually dangerous to others if released under a prescribed regimen of medical, psychiatric, or psychological care or treatment". 18 U.S.C. §4248.

Office of the
Federal Defender
200 Theatre Building
629 Fourth Avenue
Louisville, KY 40202

Tel (502) 584-0525
Fax (502) 584-2808

reason—be it an overpowering compulsion, mental illness, sociopathology, or simply a disregard for the personal consequences of their criminal conduct—do not or cannot mitigate their behavior despite such potential sanctions. For the latter—counsel suggests the overwhelming majority of sex offenders—no sentence, no matter how harsh, will be an "adequate deterrence to criminal conduct". For the former, the recommended sentence of 40 years plus a life term of supervised release will be more than an "adequate deterrence to criminal conduct". Accordingly, the recommended sentence of 40 years is sufficient, but not greater than necessary, to satisfy the requirement of 18 U.S.C. §3553(a)(2)(B).

**The Appropriate Sentence**

Mr. Kosicki has owned up to his conduct, admitted it to others, accepted responsibility, cooperated to the best of his ability in all phases of this case and others as well, and done what he can to mitigate the damage and injury he has caused. He fully understands the wrongfulness of his conduct and is motivated and, indeed, eager to change. A sentence of 40 years; a lifetime of supervised release subject to the usual mandatory and standard conditions imposed by statute and U.S.S.C. §5D1.3 and the strict special conditions imposed in sex offender case; the option of civil commitment under 18 U.S.C. §4248; and such other conditions as the Court may deem appropriate will be "sufficient, but not greater than necessary" to reflect the seriousness of the offense, promote respect for the law, provide just punishment for the offenses; afford adequate deterrence to criminal conduct by others, protect the public from further crimes of the defendant, and provide him with needed correctional treatment in the most effective manner. 18 U.S.C. §3553(a)(2).

OFFICE OF THE
FEDERAL DEFENDER
200 THEATRE BUILDING
629 FOURTH AVENUE
LOUISVILLE, KY 40202

TEL (502) 584-0525
FAX (502) 584-2808

/s/ Scott T. Wendelsdorf
Federal Defender
629 Fourth Avenue
200 Theatre Building
Louisville, Kentucky 40202
(502) 584-0525

Counsel for Defendant.

**CERTIFICATE**

I hereby certify that on December 28, 2015, I electronically filed the foregoing with the clerk of the court by using the CM/ECF system, which will send a notice of electronic filing to the following: Jo E. Lawless, Assistant United States Attorney.

/s/ Scott T. Wendelsdorf

OFFICE OF THE
FEDERAL DEFENDER
200 THEATRE BUILDING
629 FOURTH AVENUE
LOUISVILLE, KY 40202

TEL (502) 584-0525
FAX (502) 584-2808